UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN W. HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13 CV 253 |
| ) | |
| FORT WAYNE COMMUNITY ) | |
| SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

## OPINION and ORDER

Defendant Fort Wayne Community Schools has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (DE # 9.) Specifically, defendant argues that plaintiff Brian W. Howard did not timely file his complaint. (*Id.*) Plaintiff has responded through appointed counsel, and the motion is ripe for ruling.

Rule 12(c) motions are analyzed under standards virtually identical to those applicable to Rule 12(b)(6) motions. *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629, 633 (7th Cir. 2007). That means that the court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id.*

Plaintiff has sued under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII"). A plaintiff wishing to pursue a Title VII claim in federal court must file the claim within 90 days after receiving a notice of right to sue. 42 U.S.C. § 2000e-5(f)(1). This is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1981). The 90-day period is essentially a statute of limitations, and, like a statute of limitations, it can be waived or modified through equitable tolling. *See*

*Zipes,* 455 U.S. at 393; *Luckett v. Rent-A-Center, Inc.,* 53 F.3d 871, 873 (7th Cir. 1995). A defendant's argument that a discrimination claim is untimely because it was filed outside the 90-day statute of limitations is therefore an affirmative defense. *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993). Typically, "complaints need not anticipate and attempt to plead around defenses." *United States v. N. Trust Co.,* 372 F.3d 886, 888 (7th Cir. 2004). However, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co. v. Ind. Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003).

In his complaint, plaintiff admitted that he received a notice of right to sue on or about May 2, 2013. (DE # 1 at 2-3.) Later, in his response brief filed on his behalf by appointed counsel, he claims he did not receive the notice until May 7, 2013. (DE # 23 at 1.) However, even if the court accepts the later date as true, plaintiff's complaint was due by August 5, 2013, at the latest, and it was not filed until August 27. (DE # 1.)

Plaintiff argues that the court should apply the principle of equitable tolling to excuse the delay. First, plaintiff argues that he called the Department of Justice on August 26, 2013, and was told that he still had time to file his complaint. (DE # 23 at 4.) Second, plaintiff claims that he was and is homeless, with no phone, computer, or electronic calendar, and that he is an unsophisticated litigant with limited education who cannot be expected to navigate the complex arena of civil rights law. (*Id.* at 4.) Plaintiff claims these factors justify the fact that his complaint was untimley filed.

Plaintiff's first argument is unavailing because plaintiff did not attempt to contact the Department of Justice until after the 90-day window had already expired. Such a scenario does not suggest excusable ignorance, but rather simple neglect or oversight. Plaintiff's second argument – that he was homeless and lacked a phone, computer, and electronic calendar – also fails. Neither phones, nor computers, nor electronic calendars are necessary to keep track of the passage of 90 days. Plaintiff was able to file a *pro se* charge of discrimination with the Equal Employment Opportunity Commission and a *pro se* complaint in this federal lawsuit, both of which are written in clear English and demonstrate a basic understanding of the legal issues involved and the ability to follow simple instructions. Keeping track of a 90-day deadline is neither complex nor sophisticated by comparison, and the record lacks evidence suggesting that plaintiff had trouble comprehending the deadline as it was stated in the notice.

The Supreme Court of the United States has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . [I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 152 (1984) (rejecting plaintiff's claim that 90-day window for filing complaint after receipt of right to sue letter should be tolled) (internal citations and quotation marks omitted). Without some compelling reason for overlooking this Congressionally-created requirement, the time limit will not

be extended simply because a plaintiff is indigent, *Davis v. Browner,* 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000), or homeless. *Davis v. Vilsack,* 880 F. Supp. 2d 156, 163 (D.D.C. 2012) (no tolling of 90-day period for filing after receipt of right to sue letter despite claim of homelessness, because plaintiff had ability to read and write English and presented no claim of total mental incapacity during the 90-day period); *Harding v. Fort Wayne Foundry/Pontiac Div., Inc.,* 919 F. Supp. 1223, 1229-30 (N.D. Ind. 1996) (series of "personal crises," including being homeless, did not excuse plaintiff of his obligation to keep EEOC updated as to where he could receive mail).

Defendant's motion for judgment on the pleadings (DE # 9) is **GRANTED**.

**SO ORDERED.**

Date: July 16, 2015

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT